UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VICTORIA MCLAUGHLIN, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   2:19-cv-00497-JAW ) |
| TOWN OF CHESTER, NEW HAMPSHIRE, et al., | ) ) ) ) |
|     Defendants | ) |

## ORDER ON MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff seeks leave to amend her complaint to assert two claims of tortious interference with a prospective contractual relationship and a claim of retaliation under the Fair Labor Standards Act (FLSA). Plaintiff first filed a motion to amend to add the tort claims (Motion to Amend, ECF No. 23) and approximately two weeks later asked for leave to add the retaliation claim. (Motion to Amend, ECF No. 26.) The second proposed amended complaint includes the additional claims that are the subject of the first motion to amend. Defendants did not oppose Plaintiff's first request; Defendant Town of Chester (the Town) objects to the second request.

After consideration of the parties' arguments, the Court grants Plaintiff's second motion to amend and dismisses as moot the first motion.

### DISCUSSION

Courts should grant leave to amend "freely" when "justice so requires." Fed. R. Civ. P. 15(a). Leave to amend is properly denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

The Town argues that the Court should deny the second request because the proposed amendment is futile and because Plaintiff has repeatedly failed to cure the deficiencies in her complaint.[1] The Town's contention that the denial of the motion is warranted because Plaintiff failed to cure the deficiencies in her complaint is unpersuasive. Plaintiff's second motion to amend was filed within two weeks of the first motion and while the first motion was still pending. A grant of the second motion to amend, therefore, would result in the first amendment to Plaintiff's complaint. Furthermore, the Town had not yet filed a response to the first motion and thus has not been prejudiced by Plaintiff's two requests to amend her complaint.

The Town's futility argument is also unconvincing. A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *see also Hatch v. Dep't for Children, Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993). When considering whether a complaint states a claim for which

---

[1] The Town also argues the requested amendment should be denied because Plaintiff filed the motion after the deadline for amendments to the pleadings. The Town contends that as set forth in the parties' joint request for an amendment to the scheduling order (Motion, ECF No. 22), the extension of the amendment deadline to July 17, 2020, was for a limited (unrelated) purpose. Regardless of the purpose of the request for the extension, particularly given the recent extension of the discovery deadline (Order, ECF No. 36), which extension in part was necessary due to the understandable COVID-19 related challenges for parties in certain cases in completing the pretrial process within the original deadlines established by the Court, the Court is not inclined to deny the motion based on the fact that the requested amendment was not within the limitation set forth in the parties' joint request to extend the amendment deadline.

relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

To establish a claim for retaliation under the FLSA, Plaintiff must demonstrate "that (1) [she] engaged in a statutorily protected activity, and (2) [her] employer thereafter subjected [her] to an adverse employment action (3) as a reprisal for having engaged in protected activity." *Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 102 (1st Cir. 2004). Assuming the truth of Plaintiff's assertions and affording Plaintiff the benefit of all reasonable inferences from her assertions, the proposed second amended complaint can be read to allege that Plaintiff engaged in protected activity when she participated in an investigation by the New Hampshire Department of Labor and that as the result of Plaintiff's protected activity, the Town provided an inaccurate negative job reference, which caused Plaintiff to lose a job opportunity. Plaintiff, therefore, has alleged sufficient facts to support a claim for retaliation under the FLSA. Accordingly, the Court cannot conclude that the amendment would be futile.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiff's second motion to amend her complaint. (Motion, ECF No. 26.) Because Plaintiff's proposed second amended complaint includes the allegations included in the proposed first amended complaint, the Court dismisses as moot Plaintiff's first motion to amend. (Motion, ECF No. 23.) Plaintiff shall file the amended complaint on or before July 6, 2020. Defendants shall file their responses to the amended complaint within 10 days of the filing of the amended complaint.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of June, 2020.